UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TRAVELERS INDEMNITY COMPANY,
successor in interest by Merger to Gulf
Insurance Company,

                Plaintiff,

-vs-                                                  Case No.  5:05-cv-489-Oc-10GRJ

JAMES G. DESPAIN, Personal
Representative of the Estate of Beulah
Despain, AVANTE AT LEESBURG, INC.,
AVANTE GROUP, INC.,

                Defendants.
_____

## **O R D E R**

This diversity case for a judgment declaring the scope of an insurer's obligation to indemnify and defend the insured is before the Court for consideration of Plaintiff Travelers Indemnity Co's ("Travelers") Motion for Summary Judgment (Doc. 33), to which Defendants Avante Group, Inc. and Avante at Leesburg, Inc. (collectively "Avante") have filed an untimely response (Doc. 40), and to which Defendant James G. Despain, personal representative of the Estate of Beulah Despain (the "Estate"), has not responded.

The existence and content of the insurance contracts at issue are undisputed. Further, Avante's affirmative defenses have been stricken by the Magistrate Judge as a sanction for Avante's failure to participate in discovery concerning those purported defenses.  Thus, the sole question before the Court is a legal one: whether the insurance

contracts obligate Travelers to indemnify Avante for punitive damages. Upon review of the case file and all relevant papers, and for the reasons that follow, Travelers' motion is due to be granted. The insurance policies do not provide coverage for punitive damages.

## Background and Facts

Travelers, as the successor in interest by merger to Gulf Insurance Co., issued a commercial umbrella policy of insurance (the "Travelers Policy") to Defendant Avante Group, Inc. with a policy period of October 1, 1998 through October 1, 1999. It is undisputed that Defendant Avante at Leesburg, Inc. is also covered by the Travelers Policy.

The Travelers Policy was a "following form" policy. It provided no greater coverage than that provided by underlying insurance as to both the amount of the coverage and the risk insured. The Travelers Policy also stated that coverage for all professional services is excluded unless "such liability is covered by valid and collectible underlying insurance as listed in the Schedule of Underlying Insurance for the full limit shown, and then only for such liability for which coverage is afforded under the underlying insurance." See Nursing Home or Home for the Aged Professional Liability Following Form Endorsement.

The underlying insurance in this instance was a policy issued to Avante by Caliber One Indemnity Co. ("Caliber One"). The Caliber One Policy provided general and professional liability coverage, and recited that:

> We will pay those sums that the insured becomes legally obligated to pay as "damages" because of any act, error or omission in the rendering or failure to render

> "professional services" by an insured or by any person for whose acts, errors or omissions an insured is legally responsible. We will have the right and duty to defend the insured against any "suit" seeking those "damages."

Caliber One Policy at 12. The Caliber One Policy defined "damages" as follows:

> "Damages" means any compensatory amount which an insured is legally obligated to pay for any claim to which this insurance applies, but does not include injunctive or equitable relief or the return of fees or charges for services rendered.

Id. at 29. Moreover, under the heading "Exclusions," the Caliber One Policy stated that: "This Insurance does not apply to . . . Any civil, criminal or administrative fines or penalties levied against an insured . . . ." Id. at 13. The Caliber One Policy does not use the phrase "punitive damages."

The impetus for this action was a negligence lawsuit filed in state court in Lake County, Florida by the Estate against Avante. At trial, the Estate moved to amend its complaint to allege punitive damages, but the trial court denied that motion. Following trial, the jury returned a verdict against Avante for a total amount of compensatory damages of $1,704,385. The Estate then appealed the trial court's order denying its motion to amend to add punitive damages, and Florida's Fifth District Court of Appeals reversed and remanded the case for consideration of the Estate's claim of punitive damages.

On October 7, 2006, the state trial court entered an order stating that the remaining issue to be tried before that court is "a punitive damages claim based on a theory of vicarious corporate liability." Travelers is currently defending Avante in state court against all of the allegations in the underlying claim for punitive damages.

3

**Procedural History**

In light of Avante's untimely response to Travelers' motion for summary judgment, and Travelers' pending motion to strike that response (Doc. 41), the Court will separately discuss the procedural history of this case. On December 2, 2005, Travelers' filed its declaratory judgment complaint in this action. Avante failed to answer that complaint. Thus, upon motion by Travelers, the Clerk entered default against Avante. Avante immediately moved to set aside the default and the Magistrate Judge entered an order granting Avante's motion.

Shortly thereafter, Avante answered the complaint and asserted various affirmative defenses, including waiver and estoppel. Discovery then commenced, but Avante refused to participate. Travelers moved to compel answers to its interrogatories and requests for production, but Avante failed to respond to that motion. On August 8, 2006, the Magistrate Judge entered an order compelling Avante to participate in discovery. Travelers also requested attorney fees for the costs incurred in preparing and filing its motion to compel. Avante failed to respond or object to the requested fees. The Magistrate Judge granted Travelers' request and ordered Avante to pay $528.00 to Travelers, representing 3.20 hours of attorney time at a rate of $165.00 per hour.

On August 27, 2006, Travelers filed a motion for sanctions against Avante because, despite the Magistrate Judge's order, Avante continued to fail to participate in discovery and failed to comply with the order to pay attorney fees. Avante failed to respond to the

motion for sanctions.  The Magistrate Judge granted Travelers' motion for sanctions, striking all of Avante's affirmative defenses. (The discovery requested by Travelers - which Avante refused to provide - concerned those purported defenses.)  In addition, in his order the Magistrate Judge addressed a motion by Avante requesting a three business day extension to file a response to Travelers' motion for summary judgment.  Avante filed its motion for an extension on the day its response was due.  Nonetheless, the Magistrate Judge granted Avante's motion and directed it to file its response on or before November 21, 2006 - allowing it <u>four</u> business days to file a response.

Predictably, Avante failed to comply with the Magistrate Judge's order and filed its response on November 22, 2006.  Further, in its response and in the attached affidavit Avante attempts to raise factual issues related to its affirmative defenses.  Accordingly, the affidavit is stricken, as are any factual assertions in the response.  Indeed, the only portion of Avante's response that the Court will consider is the argument by Avante concerning the sole legal issue before the Court.

## Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in

the record "in the light most favorable to the nonmoving party."  <u>Samples on Behalf of Samples v. Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988).  As the Supreme Court held in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact.  If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."  <u>Rollins v. Techsouth</u>, 833 F.2d 1525, 1528 (11th Cir. 1987).  The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.

**Discussion**

As an initial matter, Florida public policy generally prohibits insurance coverage for punitive damages for the direct wrongful conduct of the insured, even where the insurance policy specifically provides for such insurance.  <u>See</u> <u>U.S. Concrete Pipe Co. v. Bould</u>, 437 So. 2d 1061, 1063-64 (Fla. 1983); <u>see</u> <u>also</u> <u>In re Celotex Corp.</u>, 152 B.R. 652, 658-59 (Bankr. Ct. M.D. Fla. 1993).  However, "Florida public policy does not preclude insurance coverage of punitive damages when the insured himself is not personally at fault, but is merely vicariously liable for another's wrong."  <u>Bould</u>, 437 So. 2d at 1064.  Here, the Estate seeks punitive damages against Avante under a theory of vicarious corporate liability and, thus, Florida public policy does not preclude coverage.

As already stated, the sole issue before the Court concerns the interpretation of the insurance policies at issue. "It is well settled that the construction of an insurance policy is a question of law for the court." Jones v. Utica Mutual Ins. Co., 463 So. 2d 1153, 1157 (Fla. 1985). "Insurance contracts must be construed in accordance with the plain language of the policy." Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So. 2d 161, 165 (Fla. 2003). However, "[i]f the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the [other] limiting coverage, the insurance policy is considered ambiguous," and such ambiguities are "construed in favor of the insured and strictly against the drafter." Swire Pac. Holdings, 845 So. 2d at 165 (quoting Auto-Owners Ins. Co. v. Anderson, 756 So. 2d 29, 34 (Fla. 2000)). Moreover, "exclusionary provisions which are ambiguous or otherwise susceptible to more than one meaning must be construed in favor of the insured." State Farm Mut. Auto. Ins. Co. v. Pridgen, 498 So. 2d 1245, 1248 (Fla.1986).

In order to determine whether Travelers is obligated to indemnify Avante against a claim for punitive damages, the Court must interpret the provision of the Caliber One Policy defining the "damages" that were covered under that Policy. Interpreting the plain language of the Caliber One Policy, and the Travelers Policy, the Court finds that those policies did not provide coverage to Avante for punitive damages.

It is well settled that punitive damages are not compensation for an injury, and are separate and distinct from compensatory damages. The Florida Supreme Court has explained that:

7

> The objective of compensatory damages is to make the injured party whole to the extent that it is possible to measure his injury in terms of money. . . . Punitive damages, on the other hand, go beyond the actual damages suffered by an injured party and are imposed as a punishment of the defendant and as a deterrent to others.

Mercury Motors Express, Inc. v. Smith, 393 So. 2d 545, 547 (Fla. 1981). Moreover, the Court has found that, "The award of punitive or exemplary damages constitutes an exception to the purely compensatory aspect of the damages concept as a means to right a wrong." Fisher v. City of Miami, 172 So. 2d 455, 457 (Fla. 1965). Indeed, the United States Supreme Court has held that, "Punitive damages are not compensation for injury. Instead, they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence." Int'l Brotherhood of Elec. Workers v. Foust, 442 U.S. 42, 48, 99 S. Ct. 2121, 60 L. Ed. 2d 698 (1979); see also Fort Pierre v. United Fire & Cas. Co., 463 N.W.2d 845, 848 (S.D. 1990) ("Punitive damages are not compensatory but are in addition to compensatory damages.").

Here, the insurance policy that determines the scope of coverage, the Caliber One Policy, provided coverage for "any compensatory amount which an insured is legally obligated to pay for any claim to which this insurance applies." (emphasis added). The Court finds that the language defining "damages" in the Caliber One Policy is not ambiguous and that the plain meaning of "any compensatory amount" in the context of damages does not include punitive damages. See Fluke Corp. v. Hartford Accident and Indem. Co., 7 P.3d 825, 829 (Wash. App. Ct. 2000) (finding that an insurer could have limited coverage to compensatory damages "by inserting the word 'compensatory' or by

specifically excluding punitive damages"). Thus, the Court's holding is not based upon a finding that the insurance policy at issue contained an exclusion addressing punitive damages. Its Order is based instead upon the fact that the Caliber One Policy - and by extension the Travelers Policy - simply did not provide coverage for punitive damages.

Alternatively, even if the definition of damages in the Caliber One Policy could be read to include punitive damages, an exclusion in the Policy precluded coverage for punitive damages. Namely, the Caliber One Policy unambiguously excluded from coverage civil penalties levied against the insured and, thus, the Policy excluded punitive damages. See Int'l Brotherhood of Elec. Workers, 442 U.S. at 48 ("Punitive damages . . . are private fines levied by civil juries . . . .").

Travelers has also requested a declaration that it no longer has a duty to defend Avante because the sole issue now before the state trial court is the issue of punitive damages. It is well settled in Florida that an insurer's duty to defend, as distinct from its duty to indemnify, "is determined solely by the claimant's complaint if suit has been filed." Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5, 10 (Fla. 2004). "Once the insurer's duty to defend arises, it continues throughout the case unless it is made to appear by the pleadings that the claims giving rise to coverage have been eliminated from the suit." Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So. 2d 810, 815 (Fla. 1st DCA 1985); see also Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins., 980 F.2d 1402, 1405 (11th Cir. 1993) (finding that the insurer had the duty to defend but distinguishing that case from Baron: "This is not a case where there is only a single cause of action based wholly

on acts expressly excluded by the policy."). In Baron Oil, the insurer's duty to defend ended when an amended complaint was filed against the insured, which complaint did not allege a claim giving rise to coverage. Id.

Here, the claims for compensatory damages giving rise to the duty to defend have been eliminated from the suit by a jury verdict and the entry of judgment on those claims. Further, an amended complaint has been filed that states as its sole cause of action a punitive damages claim based upon a theory of vicarious corporate liability. As already stated, claims for punitive damages do not give rise to coverage under the policies at issue in this case. Thus, Travelers has no duty to continue to defend Avante.[1] See Underwriters at Lloyds London v. STD Enters., Inc., 395 F. Supp. 2d 1142, 1146-47 (M.D. Fla. 2005) ("[T]he duty to defend ceases when it is shown that there is no potential for coverage, i.e., when there is no duty to indemnify.").

## Conclusion

Accordingly, upon due consideration, it is ordered that:

(1) Plaintiff Travelers Indemnity Co.'s Motion for Summary Judgment (Doc. 33) is GRANTED and the Court finds and declares that Travelers Indemnity Co. does not have a present duty to continue to defend or indemnify Avante Group, Inc. or Avante at

---

[1] While the Court recognizes that Travelers would have had the duty to defend the Estate's claim of punitive damages at the earlier trial if the state trial court had ruled at or before trial that the Estate could pursue punitive damages against Avante, that is not the factual or procedural stance of this case. The Court is presented with an amended complaint and forthcoming trial in which Travelers has no financial stake and no conceivable duty to indemnify Avante because the sole issue at the upcoming trial is whether the Estate is entitled to punitive damages.

Leesburg, Inc. in the action styled <u>The Estate of Beulah Despain, by and through James G. Despain, personal representative v. Avante Group, Inc. and Avante at Leesburg, Inc.</u>, Case No 00-1280-CA, filed in Lake County, Florida;

(2) Plaintiff Travelers Indemnity Co.'s Motion to Strike (Doc. 41) the Response to its Motion for Summary Judgment (Doc. 40) of Defendants Avante Group, Inc. and Avante at Leesburg, Inc. is GRANTED to the extent that any factual assertions in the Response are stricken, the affidavit attached to the Response is stricken, and the motion is DENIED in all other respects;

(3) the Clerk is directed to enter judgment in favor of the Plaintiff and against all the Defendants with costs to be assessed according to law; and

(4) the Clerk is directed to terminate any pending motions and close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 18th day of December, 2006.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record